NOT DESIGNATED FOR PUBLICATION

No. 115,795

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAVIS L. DEAR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed June 2, 2017.
Affirmed.

*Carl F.A. Maughan*, of Maughn Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  Tavis L. Dear appeals the district court's order revoking his probation and imposing an underlying prison sentence. Finding no abuse of the district court's discretion, we affirm.

In August 2014, Dear pled guilty in case No. 13 CR 2627 to fleeing and attempting to elude a law enforcement officer and battery on a law enforcement officer. As part of a plea agreement, the State agreed to dismiss additional charges and to join in Dear's recommendations regarding sentencing. The district court followed the plea

1

agreement and imposed a 12-month term of probation with an underlying 7-month prison sentence and a concurrent 6-month jail sentence.

In March 2015, a warrant was issued alleging that Dear had violated the conditions of his probation by committing new criminal offenses as well as multiple technical violations. Subsequently, Dear pled guilty to criminal threat and felony theft in case No. 15 CR 691 and to fleeing and attempting to elude a law enforcement officer and driving while a habitual violator in case No. 15 CR 1093.

In February 2016, Dear appeared at a consolidated hearing for sentencing in case Nos. 15 CR 691 and 15 CR 1093 and for the probation violation in case No. 13 CR 2627. Dear waived his right to an evidentiary hearing and admitted to violating the terms of his probation as alleged in the warrant. The State requested that the district court revoke Dear's probation and impose the underlying prison sentence.

For his part, defense counsel asked the district court to reinstate Dear's probation, noting there were several community resources that he could benefit from rather than incarceration. Dear personally addressed the court, stating that he had learned from his mistakes and wanted to be a better father figure to his son. Concluding that Dear was not amenable to probation, the district court revoked his probation and ordered him to serve the underlying prison sentence consecutive to the sentences imposed for his new convictions.

On appeal, Dear asserts that the district court abused its discretion when it revoked his probation. Specifically, Dear argues that the district court's refusal to reinstate his probation was not appropriate to achieve the goals of the revised Kansas Sentencing Guidelines as provided in K.S.A. 2016 Supp. 21-6601 *et seq*.

K.S.A. 2016 Supp. 21-6601 states that defendants "shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities." Noting that he had taken responsibility for his actions, learned from his mistakes, and had recently become the primary caregiver of his son, Dear claims that his needs and the needs of the community would have been better served by reinstatement of his probation, where he would be able to take advantage of community resources.

Once a violation of the terms of probation is established, probation revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Dear bears the burden of proving such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2016 Supp. 22-3716 limits the discretion of district courts when imposing sanctions on defendants who have violated the conditions of their probation so that, typically, a district court must impose a series of graduated sanctions before revoking a defendant's probation. See K.S.A. 2016 Supp. 22-3716(c)(1). However, in the event an offender commits a new crime while on probation or absconds from supervision, the district court may revoke the offender's probation and require the offender to serve the underlying prison sentence, or a lesser sentence as the court sees fit, regardless of whether less severe sanctions have been imposed. K.S.A. 2016 Supp. 22-3716(c)(8)(A), (B).

Here, Dear admitted that he had violated the terms of his probation by committing new crimes. Dear's commission of new offenses, without considering his other probation violations, justifies the district court's revocation of his probation in lieu of imposition of an intermediate sanction. Further, the record reflects that the district court considered

3

Dear's individual circumstances, including the fact that he was not amenable to probation given his multiple violations and new crimes. We find there was no abuse of discretion.

Affirmed.